IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mr. James Muhammad, | ) | C/A No.: 1:18-123-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Aiken Public Safety; Aiken Sheriff's Department; Sheriff Mike Hunt; ACDC; Aiken County Hospital; Deputy Auper; Officer Wise & his boss; Aiken Regional Hospital; Dr. Marion Clarke & Staffs; and Aurora Pavilion Behavioral Health, | ) | ORDER AND NOTICE |
| | ) | |
| Defendants. | ) | |

Mr. James Muhammad ("Plaintiff"), proceeding pro se and in forma pauperis, filed an amended complaint against Aiken Public Safety, Aiken Sheriff's Department, Sheriff Mike Hunt, the Aiken County Detention Center ("ACDC"), Aiken County Hospital, Deputy Auper, Officer Wise and his boss, Aiken Regional Hospital, Dr. Marion Clarke and staff, and Aurora Pavilion Behavioral Hospital (collectively "Defendants"), alleging a violation of his constitutional rights. [ECF No. 39]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is

authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Procedural Background

Plaintiff filed his initial complaint on January 11, 2018, against Aiken County, State of South Carolina, Social Security, Department of Mental Health, The Palmetto State, Doctor C.L., Aiken Public Safety, and Aiken Detention Center. [ECF No. 1]. On March 16, 2018, the undersigned filed a report and recommendation recommending Plaintiff's complaint be summarily dismissed. [ECF No. 16]. The undersigned's recommendation was based on Plaintiff's failure to plead sufficient allegations to state a claim upon which relief could be granted. *Id.* On July 20, 23, and 30, 2018, and October 2, 2018, Plaintiff filed motions to amend or correct his complaint. [ECF Nos. 24, 25, 27, and 30]. On October 9, 2018, the Honorable Mary Geiger Lewis, United States District Judge, granted Plaintiff's motions to amend, vacated the March 16, 2018 report and recommendation, and remanded the case to the undersigned for further consideration of Plaintiff's claims. [ECF No. 31].

On October 9, 2018, the undersigned entered an order directing Plaintiff to file an amended complaint by October 31, 2018. [ECF No. 33]. Plaintiff filed an amended complaint on October 24, 2018. [ECF No. 39].

II. Factual Background

In the statement of claim section of his amended complaint, Plaintiff alleges:

> My claims are that I have been racially profiled repeatedly since 7-14-95 and I just got profiled by Officer Wise and his boss of Aiken Public Safety and by Aiken Sheriff's and Aiken Regional Hospital and Aurora Pavilion

[ECF No. 39 at 5]. Plaintiff seeks monetary damages. *Id.*

III. Discussion

A. Standard of Review

Plaintiff filed his amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as

true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To the extent Plaintiff seeks to bring a 42 U.S.C. § 1983 claim against Defendants for racial discrimination, this claim is subject to summary dismissal. Plaintiff's conclusory allegations that Defendants racially profiled him are insufficient to support his bare allegations of discrimination. *See Chapman v. Reynolds*, 378 F. Supp. 1137, 1140 (W.D. Va. 1974) (noting a merely conclusory allegation of discrimination, without facts supporting the assertion that an officer's conduct was motivated by the litigant's race, is insufficient to state an actionable § 1983 claim).

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by November 16, 2018, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an

amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

November 2, 2018
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge