

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| HONORABLE JAMES MUHAMMAD, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 1:18-123-MGL |
| | § | |
| AIKEN PUBLIC SAFETY; AIKEN | § | |
| SHERIFF'S DEPARTMENT; SHERIFF MIKE | § | |
| HUNT; AIKEN COUNTY HOSPITAL; | § | |
| OFFICER WISE & HIS BOSS; AIKEN | § | |
| REGIONAL HOSPITAL; AIKEN COUNTY | § | |
| DETENTION CENTER; DEPUTY TUPER; | § | |
| DR. MARION CLARKE AND THE AIKEN | § | |
| ER STAFFS; AIKEN AURORA PAVALION | § | |
| BEHAVIORAL HEALTH; AIKEN | § | |
| REGIONAL HOSPITAL ER; AIKEN | § | |
| BARNWELL MENTAL HEALTH; AIKEN | § | |
| PUBLIC DEFENDERS; AIKEN COURT | § | |
| HOUSE AND SOLICITORS; COLUMBIA | § | |
| CARE CENTER; and ALL OF MY | § | |
| VIOLATORS ESPECIALLY THE KLU | § | |
| KLUX KLAN AND ORGANIZATIONS, | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DISMISSING PLAINTIFF'S FEDERAL CLAIMS WITH PREJUDICE,
DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER ANY STATE CLAIMS,
AND DENYING PLAINTIFF'S MOTIONS TO AMEND AND FOR REPARATIONS**

Plaintiff Honorable James Muhammad (Muhammad), who is self represented, filed this action under 42 U.S.C. § 1983. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Muhammad's federal

claims be dismissed with prejudice and the Court decline to exercise supplemental jurisdiction over any remaining state claims. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 13, 2018. On November 19, 2018, the Clerk filed Muhammad's objections and what the Court construes to be his motion to amend his second amended complaint; and on June 12, 2019, the Clerk filed his motion for reparations. The Court has carefully reviewed each submission, but holds them all to be without merit. It will therefore enter judgment accordingly.

In Muhammad's objections, he offers no specific objections to the Report. Thus, the Court will overrule Muhammad's objections and adopt the Report to the extent it does not contradict this order. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) ("In the absence of "specific written objection," the district court [is] free to adopt the magistrate judge's recommendation . . . without conducting a de novo review[.]")

Assuming Muhammad might seek injunctive relief from the state or its agencies, although the Fourteenth Amendment does not prevent federal courts from granting prospective injunctive

relief to prevent a continuing violation of federal law[,] *Green v. Mansour*, 474 U.S. 64, 68 (1985), Muhammad has failed to demonstrate he is entitled to any such relief.

The Court has reviewed what it construes to be Muhammad's motion to amend his second amended complaint and concludes granting the motion would be futile as Muhammad fails to state a claim upon which relief can be granted. *See Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: A district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.") (citation marks omitted) (internal quotation marks omitted) (alteration marks omitted). Therefore, the motion to amend will be denied.

The Magistrate Judge recommends the Court dismiss Muhammad's federal claims with prejudice on the basis that, in his second amended complaint, he failed to cure the deficiencies she identified and instructed him to cure in his first amended complaint. The Fourth Circuit has recognized, albeit it in an unpublished opinion, that when the Court "already has afforded [the plaintiff] the opportunity to amend, . . . the district court, in its discretion, [can] either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order." *Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018).

Muhammad has been given several opportunities to amend his complaint so as to survive summary dismissal of his federal claims. Yet, he has failed to do so. Therefore, it is the judgment of the Court dismissal of Muhammad's federal claims with prejudice is appropriate.

Concerning Muhammad's motion for reparations, because he has failed to demonstrate it would be proper for the Court to grant him any such relief, the Court will deny that motion.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules the objections, adopts the Report to the extent it does not contradict this order, and incorporates it herein. Therefore, it is the judgment of the Court Muhammad's federal claims are **DISMISSED WITH PREJUDICE**; the Court declines to exercise supplemental jurisdiction over any remaining state claims; and both Muhammad's motions to amend and for reparations are **DENIED**. If Muhammad wishes to do so, he may pursue any state claims in state court.

**IT IS SO ORDERED**.

Signed this 16th day of July, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date of this Order pursuant to the Federal Rules of Appellate Procedure.